# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE R. CROUTHERS**,

    Petitioner,

v.

                                               **Case No. 05-C-1138**

**PAM WALLACE,**

    Respondent.

## ORDER ON THE HABEAS CORPUS PETITION

Lee R. Crouthers ("Crouthers"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, Crouthers seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of Crouther's petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Crouthers lists four grounds for relief on the habeas corpus form required for pro se petitioners in this district:

    (1) "Full and Equal Benefit Clause violation and 18 U.S.C.A. § 3553(2) Abuse of Discretion;"

    (2) "Corporate Equal Protection violation;"

    (3) "Ineffective Assistance of trial Counsel;" and

    (4) "Ineffective Assistance of Post-Appeals Counsel"

(Pet. at 8, ¶ 22.). The brief that Crouthers filed in support of his petition explains each of these grounds further. First, Crouthers claims that he had numerous disagreements with his trial counsel and that the court was made aware of these difficulties. Crouthers' trial counsel allegedly moved to withdraw from

the case because of tactical differences with Crouthers and a breakdown in communication. (Crouthers Br. 5.). Thus, according to Crouthers, it was incumbent upon the court to investigate the conflict between Crouthers and his attorney, to discuss the conflict with Crouthers, and to make sure that Crouthers wanted appointed counsel to continue representing him. Crouthers says the court did not do these things. In addition, Crouthers claims that, because of the conflict with his trial counsel, a key alibi witness was not investigated, state witnesses were not interviewed, discussions regarding the facts of the case did not occur, and suppression of a line up identification was not pursued. For those reasons, Crouthers contends (1) that his trial counsel was ineffective; (2) that the court's failure to address the conflict was prejudicial; and (3) that he felt compelled to forego trial and enter a plea. Crouthers also demands relief on the grounds that his appellate counsel failed to pursue the above-described claims of ineffective assistance of trial counsel and that the state courts violated due process by deeming his claims procedurally waived.

Based on a preliminary review of the grounds raised in the petition, the court cannot say that Crouthers is plainly not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**Request for the Appointment of Counsel**

As a final matter, the court notes that Crouthers—by way of a passing statement in his supporting brief—requests that the court appoint counsel to represent him in this case. The appointment of counsel is governed by 18 U.S.C. § 3006A, the Criminal Justice Act. "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). Upon a determination by the court that "the interests of justice so require, representation may be

2

provided for any financially eligible person" seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A (a)(2). Representation is appropriate when the petitioner cannot obtain justice absent an attorney, cannot obtain an attorney, and will have a "reasonable chance of success" with an attorney. Winsett, 130 F.3d at 281. In the present case, Crouther has not provided information that would warrant the appointment of counsel and his request will be denied.

For all of the reasons discussed herein, the court now enters the following orders on the petition for habeas corpus relief:

**IT IS THEREFORE ORDERED** that a copy of the petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge