# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE R. CROUTHERS,**

           Petitioner,

                                      **Case No. 05-C-1138**

  **v.**

**PAM WALLACE,**

           Respondent.

## ORDER GRANTING THE RESPONDENT'S MOTION TO DISMISS

Lee R. Crouthers ("Crouthers") is a prisoner incarcerated pursuant to a Wisconsin state court judgment who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously screened Crouthers' petition pursuant to Rule 4 of the Rules Governing § 2254 cases and ordered that the respondent answer the petition. Instead of filing an answer, the respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). In addition, the respondent moved to stay the deadline for filing its answer until the motion to dismiss could be resolved. The motion to stay was granted, and the court established a briefing schedule on the respondent's motion to dismiss. The pleadings on that motion are now closed, and it is ready for resolution. Both parties have consented to the exercise of jurisdiction by a magistrate judge.

### MOTION TO DISMISS

The respondent seeks dismissal of Crouthers' petition, claiming that it was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The one-year statute of limitations begins to run under § 2244(d)(1) from the latest of the following: (1) the date on which the judgment

became final by the conclusion of direct review or the expiration of the time to seek review; (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence.

The conviction that Crouthers challenges in his petition became final for purposes of § 2241(d)(1) on August 6, 2001, the date that the time for filing a petition for certiorari to the United States Supreme Court expired. The statute of limitations ran from that date until October 19, 2001, at which time it was tolled when Crouthers filed a motion for post-conviction relief pursuant to Wisconsin Statute § 974.06. After the § 974.06 motion was dismissed by the Wisconsin Supreme Court, the clock started running again. At that time, 292 days remained on the statute of limitations clock, which means that latest date that Crouthers could have filed a timely petition for habeas corpus relief was June 2, 2003. The pending petition was not filed until October 28, 2005, more than two years and four months after the statute of limitations expired.

## ANALYSIS

Crouthers concedes that his petition is untimely but argues that the court should excuse his delay because (1) extraordinary circumstances prevented his timely filing and (2) he exercised due diligence. These claims reflect the two elements of the equitable tolling doctrine. See Pace v. DiGuglielmo, — U.S.—, 125 S.Ct. 1807, 1815 (2005)(citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)(discussing equitable tolling elements)). In light of the statutory tolling already set

2

forth in § 2244(d)(2), the possibility that courts may also excuse untimely petitions based on equitable tolling is not clearly established. <u>Pace</u>, — U.S. —, 125 S.Ct. at 1815 n.8 (2005)("[w]e have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations."); <u>Freeman v. Page</u>, 208 F.3d 572, 576 (7th Cir. 2000)(citing <u>Taliani v. Chrans</u>, 189 F.3d 57 (7th Cir. 1999)("we held out the possibility that some prisoners may invoke equitable tolling or estoppel (neither of which is applicable here) to justify untimely petitions.").

However, even if the court were to proceed on the basis that the doctrine of equitable tolling could be applied, the arguments that Crouthers presents would not satisfy that doctrine. As grounds for his claim that extraordinary circumstances prevented the timely filing of his petition, Crouthers says that he did not understand the mail box rule, that his confusion as to that issue resulted in his Wisconsin Supreme Court petition for review being filed past the deadline, that he did not understand the one-year statute of limitations, and that he lacks financial means. (<u>Id</u>. ¶¶ 1-6). As grounds for Crouthers' claim that he exercised due diligence in pursuing his petition, Crouthers says that he did legal research in effort to education himself on the applicable law. (<u>Id</u>. ¶ 1). To evidence his efforts, Crouthers indicates that he gathered information on several legal doctrines, including claim preclusion, construction of administrative regulations, and the judge's oath. In addition, Crouthers contends that his counsel would have discovered his innocence had he conducted further pretrial investigation, which is a position that Crouthers asserted in his petition.

These grounds do not constitute extraordinary circumstances or the exercise of due diligence. While Crouthers may lack financial resources and legal knowledge, that is true of many prisoners, and those considerations are far from what might be viewed as extraordinary. In addition, the reason that Crouthers filed his state court petition for review past the deadline is not relevant to his pursuit of

3

federal habeas corpus relief. The relevant period of time for purposes of this court's inquiry begins after the state court decision becomes final.

Similarly, with respect to the issue of due diligence, the merits of the ineffective assistance claim that Crouthers asserts is not relevant to the inquiry that this court must make in resolving the pending motion to dismiss. In addition, although Crouthers claims to have made efforts to educate himself on the law, many of the topics he researched do not relate to habeas corpus relief or his claims. Moreover, with respect to all of the grounds asserted in response to the motion to dismiss, Crouthers fails to assert a connection to the more than two-year delay that he now asks the court to excuse.

For all of these reasons, the court now enters the following order on respondent's motion to dismiss:

**IT IS THEREFORE ORDERED** that the motion to dismiss Crouthers' petition as untimely pursuant to 28 U.S.C. § 2244(d) is **granted.** The petition is **denied** and the case is **dismissed**.

Dated at Milwaukee, Wisconsin this 12th day of June, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge

4